UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ROLAND COOKE, | ) |
| | ) |
| Plaintiff, | ) 3:09-cv-08003 JWS |
| | ) |
| vs. | ) ORDER AND OPINION |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) [Re: Motions at Docket |
| | ) Nos. 25 and 27] |
| Defendant. | ) |
| | ) |

## I. MOTIONS PRESENTED

At docket 25, defendant Federal Bureau of Investigation (hereinafter "the government") moves to dismiss plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). At docket 26, plaintiff Roland Cooke opposes the motion. At docket 27, plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Mr. Cooke, who is proceeding *pro se*, originally filed a complaint alleging that his civil rights were violated by unspecified individuals. By order dated July 30, 2009, the court dismissed Mr. Cooke's complaint for failing to comply with the requirements of

Federal Rule of Civil Procedure 8(a) and for failing to provide a sufficient basis for his lawsuit. Mr. Cooke was given leave to file an amended complaint. At docket 24, Mr. Cooke filed an amended complaint alleging that the "Mormon Church and the Federal [Bureau] of Investigation confiscated hundreds of millions of dollars of our property" in violation of the "United States Constitution: Article 5."[1] The government now moves to dismiss Mr. Cooke's complaint on the grounds that the court lacks subject matter jurisdiction over this action and the amended complaint fails to state a claim upon which relief can be granted.

### III. STANDARDS OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction.[2] When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the defendant's motion to dismiss.[3] "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."[4] Where, as here, defendant brings a facial attack on the subject matter jurisdiction of the district court, the court assumes the factual allegations in plaintiff's complaint are

---

[1] Doc. 24 at p. 3.

[2] *Tosco v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000) (citing 28 U.S.C. §§ 1331, 1332(a)).

[3] *Id.*

[4] *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

true and draws all reasonable inferences in plaintiff's favor.[5] The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[6] "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."[7]

## IV.  DISCUSSION

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[8]  "Sovereign immunity is jurisdictional in nature."[9]  The Federal Tort Claims Act ("FTCA") "waives the United States' sovereign immunity 'in a defined category of cases involving negligence committed by federal employees in the course of their employment.'"[10]

The government argues that the court lacks subject matter jurisdiction over this action because Mr. Cooke has failed to exhaust his administrative remedies as required by the FTCA and has sued a government agency itself which is not allowed under the FTCA.  Under the FTCA,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim

---

[5] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[6] *Id.* (quoting *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

[7] Fed. R. Civ. P. 12(h)(3).

[8] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

[9] *Id.*

[10] *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1018 (9th Cir. 2007) (quoting *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006)).

to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.[11]

The timely filing of an administrative claim is a jurisdictional prerequisite to a suit under the Federal Tort Claims Act.[12]

Mr. Cooke has the burden of proving jurisdiction in order to survive the government's motion to dismiss.[13] Mr. Cooke's amended complaint fails to allege that he has exhausted his administrative remedies. More specifically, in his form complaint, Mr. Cooke failed to provide required responses to questions concerning whether he had exhausted available administrative grievance procedures, the grievance number, when and where the grievance was filed, and the response to grievance.[14] In his response to the motion to dismiss, Mr. Cooke baldly states that he has exhausted all administrative remedies, but fails to provide any evidence in support of his statement.[15] Because Mr. Cooke has not established that he has administratively exhausted his claims, he cannot establish subject matter jurisdiction through the FTCA.[16]

Furthermore, the court lacks jurisdiction over this action because Mr. Cooke's complaint alleges claims against the Federal Bureau of Investigation ("FBI") itself. "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only

---

[11] 26 U.S.C. § 2675(a).

[12] *Alvarado*, 509 F.3d at 1019.

[13] *Id.*

[14] Doc. 24 at p. 7.

[15] Doc. 26 at p. 1.

[16] *Alvarado*, 509 F.3d at 1019.

allows claims against the United States."[17] "Although such claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA."[18]

Consequently, the court will dismiss Mr. Cooke's claims against the FBI for lack of jurisdiction.[19] Because Mr. Cooke did not exhaust his administrative remedies before filing his complaint, dismissal of his complaint with prejudice is proper.[20]

## V. CONCLUSION

For the reasons set out above, defendant's motion to dismiss at docket 25 is **GRANTED**, and plaintiff's claims and this action are **DISMISSED** with prejudice. Plaintiff's motion for summary judgment at docket 27 is **DENIED** as moot. As all of plaintiff's claims are dismissed with prejudice, the Clerk of Court shall please enter judgment accordingly.

DATED this 28th day of September 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[17] *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998).

[18] *Id.*

[19] *Id.* at 707.

[20] *Ibrahim v. Department of Homeland Security*, 538 F.3d 1250, 1258 (9th Cir. 2008).